FILED ___ ENTERED
___ LOGGED ___ RECEIVED

APR 22 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

CHOICE HOTELS                          *
INTERNATIONAL, INC.,
                                       *
     Plaintiff,
                                       *
v.                                                  Case No.: GJH-14-3159
                                       *
BHUPINDER MANDER                       *

     Defendant.                       *
*       *       *       *       *       *       *       *       *       *       *       *       *

## MEMORANDUM OPINION

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff Choice Hotels International, Inc. has filed a

motion for default judgment, with a supporting affidavit, as to Defendant Bhupinder Mander.

ECF No. 8. Oral argument is unnecessary. *See* Loc. R. 105.6. For the reasons that follow, the

motion for default judgment will be granted, in part, and denied, in part.

### I.        BACKGROUND

Plaintiff Choice Hotels International, Inc. ("Choice Hotels") filed an "Application to

Confirm Arbitration Award" (the "Application") in this Court on October 8, 2014. *See* ECF No.

1. Choice Hotels named H B Hotels Group, LLC and Bhupinder Mander as defendants. *See id.*

Attached to the Application is the "Ex Parte Award," signed by R. Bruce Beckner of the

American Arbitration Association on June 30, 2014. *See* ECF No. 1-1. The award states that

Choice Hotels served an arbitration demand on the named defendants on January 7, 2014, and,

following written notice to all parties, the arbitrator held a preliminary conference. *See id.* at 1–2.

Defendants did not appear. *See id.* The arbitrator subsequently issued an order directing Choice

Hotels to provide proof of service and for defendants to enter an appearance. *Id.* at 2. Choice

Hotels provided proof of service, but defendants did not enter an appearance. *Id.* The arbitrator then directed Choice Hotels to submit its argument and evidence to support its claim. *Id.* Notice was sent to defendants, which advised that they could enter an appearance and respond to Choice Hotels' argument. *Id.* Choice Hotels submitted its argument and the defendants did not respond. *Id.* The parties were advised that the record was closed on May 30, 2014. *Id.*

The arbitration award explains that the arbitrator had jurisdiction pursuant to the parties' franchise agreement, which states that "any controversy or claim arising out of or relating to this Agreement, or breach of this Agreement . . . will be sent to final and binding arbitration before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum in accordance with the Commercial Arbitration Rules of the American Arbitration Association . . ." *Id.* at 3.

As for the merits of the claim, the arbitrator found that the parties' franchise agreement permitted the defendants to operate a hotel in Memphis, Tennessee. *See id.* Defendants began operating the franchise in 2006 and fell behind on the fee payments in 2010. *See id.* On January 7, 2011, Choice Hotels sent a notice to defendants, advising that they had ten days to cure their default or face termination of the agreement. *See id.* Without a response, Choice Hotels terminated the agreement on February 11, 2011. *See id.*

Finding that the defendants breached the agreement and that the agreement provided for liquidated damages and litigation costs, the arbitrator ordered defendants to pay, jointly and severally, the total sum of $190,030.96 (consisting of $61,172.76 in unpaid franchise fees, $28,808.20 in interest accrued on the unpaid franchise fees, $100,800.00 in liquidated damages, and $3,250.00 in arbitration fees). *See id.* at 5–6.

After Choice Hotels filed the Application, Choice Hotels stipulated to the dismissal of

Defendant H B Hotels Group, LLC on December 12, 2014, due to its discharge of debts in a bankruptcy proceeding. *See* ECF No. 5. Defendant Bhupinder Mander was served on December 27, 2014. *See* ECF No. 6. A Clerk's Order of Default for want of answer or other defense was made on February 27, 2015 as to Defendant Mander for failure to plead or otherwise defend as provided by Fed. R. Civ. P. 55(a). *See* ECF No. 11. Choice Hotels now requests that the Court issue judgment by default against Mander. *See* ECF No. 8.

## II.    DISCUSSION

### A.  Multiple Defendants

Choice Hotels originally named two defendants in this lawsuit. *See* ECF No. 1.  Fed. R. Civ. P. 54(b) governs judgments against multiple defendants and authorizes entry of a final judgment as to one of multiple defendants in a civil action following an express finding that there is "no just reason for delay." Fed. R. Civ. P. 54(b). As a general rule, "when an action is brought against several defendants, charging them with joint liability," judgment cannot be entered against a defendant "until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2690 (3d ed.) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)); *see also United States for Use of Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967) (finding that the "procedure established for multiple defendants by Rule 54(b) [pertaining to judgments] is . . . applicable not only to situations of joint liability but to those where the liability is joint and/or several").

Here, while the arbitration award was entered against both H B Hotels Group, LLC and Bhupinder Mander, jointly and severally, H B Hotels Group, LLC was dismissed from the case on December 12, 2014, due to the discharge of its debts in a bankruptcy proceeding. *See* ECF

No. 5. Given that H B Hotels Group, LLC has been dismissed with prejudice from this suit, there is no just reason for delay as default judgment against Bhupinder Mander will not produce "logically inconsistent judgments resulting from an answering defendant's success on the merits and another defendant's suffering of a default judgment." *Jefferson v. Briner, Inc.*, 461 F.Supp. 2d 430, 434 (E.D. Va. 2006).

### B. Motion for Default

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v. Savannah Shakti Corp.*, DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F.Supp. 2d 491, 494 (D. Md. 2002). When a motion for default judgment is based on an arbitration award, the plaintiff "must show that it is entitled to confirmation of the award as a matter of law." *Id.* (citations and internal quotation marks omitted).

Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . ." 9 U.S.C. § 9. The Court must confirm the award unless it vacates, modifies, or corrects the award under 9 U.S.C. §§ 10 or 11. *Id.* "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The situations permitting a court to vacate an arbitration award are found at 9 U.S.C. § 10(a), which provides:

> In any of the following cases the United States court in and for the
> district wherein the award was made may make an order vacating
> the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue
> means;

4

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"The exceptions to confirmation of awards are strictly limited to avoid frustrating the fundamental purpose of arbitration, *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings." *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D. Md. 1992) (citations omitted). In essence, the Court's role in reviewing an arbitrator's decision is "to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Securities, LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (citations and internal quotation marks omitted).

Here, Choice Hotels' breach of contract claims were properly before the American Arbitration Association under the arbitration clause of the parties' franchise contract. *See* ECF No. 1-2. Further, the arbitrator specifically identified that he considered the legal and factual presentation of Choice Hotels when determining the type of award to be made. *See* ECF No. 1-1 at 5 n.1. The arbitrator found, based on business records submitted by Choice Hotels, that Mander owed Choice Hotels $61,172.76 in unpaid franchise fees and other charges. *Id.* at 4. The arbitrator also found interest was due on the unpaid fees and calculated the interest through June 30, 2014 to be $28,808.20. *Id.* The arbitrator found liquidated damages proper under the parties' contract due to early termination of the agreement. *Id.* at 4. Using the formula provided in the parties' contract, the arbitrator calculated liquidated damages to be $100,800.00. The arbitrator also awarded costs and attorney's fees of $3,250.00 based on the terms of the parties' contract.

*Id.* at 5–6. The Court finds no reason in the record to question the validity of the franchise agreement or the conduct of the arbitrator. Further, the parties agreed that "[i]f any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear." *See* ECF No. 1-2. The parties also agreed that "judgment shall be entered upon the award made pursuant to the arbitration." *See id.*

### III. CONCLUSION

For the reasons explained above, Choice Hotels' Request for Judgment by Default, ECF No. 8, will be granted. In addition to the arbitration award of $190,030.96, Choice Hotels requests $400.00 for the costs of this action, which was not requested in the original application to confirm the arbitration award. *See* ECF Nos. 1 & 8. Fed. R. Civ. P. 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, Choice Hotels is not entitled to the costs of this action and that portion of plaintiff's request is denied.[1] Choice Hotels' "Request for Judgment by Default" will be granted in the amount of $190,030.96.

A separate Order shall issue.

Dated: April 22nd, 2015

George J. Hazel
United States District Judge

---

[1] The Court also will not order pre-judgment interest because, although awarded at arbitration, it was not requested in the application to confirm the arbitration award. *See* ECF Nos. 1 & 1-1 at 6. Conversely, Choice Hotels' is entitled to post-judgment interest by operation of law; the Court need not specifically grant an award for post-judgment interest. *See* 28 U.S.C. § 1961(a) ("[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.").